

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. D. Sansing
County Attorney, Hansford County
Spearman, Texas

Dear Sir:

Opinion No. O-6875
Re: Authority of Commissioners'
Court of Hansford County
with respect to cancelling
unissued bonds authorized
for the purpose of the con-
struction, maintenance and
operation of macadamized,
graveled or paved roads.

We are in receipt of your opinion request of October 10, 1945, and quote from your letter as follows:

"In order that proper consideration may be given to the questions to be raised, the order of the Commissioners' Court of Hansford County, Texas, passed and entered of record at its November Term, 1932, is here now set out in full:

"'AN ORDER AUTHORIZING THE CANCELLATION OF BONDS AND PRESCRIBING DUTIES OF THE OF- FICALS IN REFERENCE THERETO.

"'Whereas, on the 14th day of September, 1929, an election was held in the Spearman Independent Road District, whereby the issuance of bonds in the amount of $240,000.00 were authorized for the purpose of the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof; and

"'Whereas, on the 21st day of March 1930, the Com- missioners Court made an order authorizing the issuance of $60,000.00 and later on the 3rd day of February, 1931, the second series of bonds in the amount of $60,000.00 of bonds were issued, making a total of $120,000.00 of the $240,000.00 bond election being issued, leaving

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

$120,000.00 worth of the bonds which have not been issued; and

"'Whereas, the Commissioners Court of Hansford County, Texas, desire to cancel the $120,000.00 worth of bonds which have not been issued;

"'Therefore be it ordered, adjudged and decreed by the Commissioners Court of Hansford County, Texas, that the remaining $120,000.00 of Spearman Independent Road District which have not been issued, be and the same are hereby ordered cancelled and held of no effect.

"'That the County Judge, County Clerk and County Treasurer, be and they are hereby directed to do any and all things necessary to carry out the provisions of this order.'

"As I see the matter the present Commissioners Court of said County is confronted with three questions:

"1. Did the Commissioners Court on the date aforesaid have the authority to make and enter of record such order?

"2. If such order is void, then can the balance of said bonds in the amount of $120,000.00 still be issued and sold?

"3. If such bonds cannot be issued, then should the Commissioners Court call an election in said road district to determine whether or not the balance of such road bonds shall be revoked or cancelled?

"* * *

"Still a fourth question must be answered:

"4. If an election is called and the voters should vote against cancelling the bonds ordered issued in the original election, then could the Commissioners' Court issue the balance of said bonds and sell same?

"* * **

We find no provision in the law, either at the time the above order was entered, or at the present time, authorizing the Commissioners' Court of a County to enter an order revoking or canceling a legally authorized bond issue. The Commissioners' Court, being a court of limited jurisdiction, is confined strictly to the authority conferred upon that Court by the Legislature.

In the case of Orr, et al., v. Marrs, et al., 47 S. W. (2d) 440, the Texarkana Court of Civil Appeals said:

"* * * The bonds cannot be revoked or cancelled by any agency unless the power to do so is conferred by legislative authority, and any doubt as to the existence of such power is, under well-established principles, resolved against its existence. * * *"

Therefore, in reply to Question No. 1, it is the opinion of this department that the Commissioners' Court of Hansford County, Texas, had no authority to enter the order revoking or canceling the $120,000 authorized bonds.

However, we call your attention to the fact that in 1932, the Legislature passed a law setting up procedure whereby such road bonds could be legally revoked and canceled. Chapter 31, Acts 1932, 3rd C. S., Article 784a, Vernon's Annotated Civil Statutes. (Effective date, September 22, 1932). Said Article reads, in part, as follows:

"* * * Section 1. In the event any road bonds voted or issued or any portion of such road bonds voted or authorized by a county, political subdivision or defined district of the county, remain unsold at the time of passage of this Act, then the Commissioners' Court may upon its own motion or upon petition of not less than fifty (50) or a majority of the qualified property taxpaying voters thereof, as shown by the records of the county tax collector, shall order an election to determine whether or not such road bonds shall be revoked or cancelled. Such election shall be ordered, held and conducted in the same form and manner as that at which such bonds were originally authorized. * * *"

By the authority of this statute, the Commissioners' Court, may, upon its own motion, call an election, or upon the petition of fifty (50) or a majority of the qualified property taxpaying voters, shall order an election. Therefore, in reply to your third question, we are of the opinion that it is in the discretion of the Commissioners' Court whether or not they call an election to revoke or cancel said bonds. However, if fifty (50) of the qualified property taxpaying voters, or a majority of the qualified property taxpaying voters, petition the Court, it would be mandatory upon them to call such an election.

In reply to Questions Nos. 3 and 4, we quote from the Supreme Court of Texas, in the case of <u>City of Houston v. McCraw,</u> 113 S. W. (2d) 1215:

"* * * It seems to be held in the case of City of Austin v. Valle, supra, Cohen v. City of Houston, supra, and Fleming-Stitzer Road Building Co. v. Chastain, Tex.Civ.App. 241 S. W. 619, that, where authority to issue bonds has been conferred on a governing body by an election ordered and held for that purpose, such governing body may exercise such authority and issue such bonds within a reasonable time after such election. On the other hand, these same authorities, in effect, hold that the question as to what is a reasonable or unreasonable length of time cannot always be determined by the length of time alone, but that all of the surrounding facts and circumstances must be taken into consideration. In the case at bar the original election to issue these bonds was held in 1927. About six years later, on August 26, 1933, at an election ordered and held in the city on the question, the qualified property taxpaying voters thereof again expressed it as their desire that these bonds should be issued, and the city hall constructed, etc. The ordinance providing for the issuance of these bonds was passed on January 5, 1938, a little more than four years after the election of August 26, 1933. It thus appears that not ten years, but only a little more than four years have elapsed since the last expression of the qualified property taxpaying voters on the question. We do not understand that the Attorney General even contends that an unreasonable length of time has elapsed since the election of August 26, 1933. Furthermore, we hold, as a matter of law, that the lapse of a little more than four years under the facts and circumstances of this case is not unreasonable. In this connection, we call attention to the fact that during a part of this time the Country and city were in great financial

stress. Further it is shown that during most of this time the city has been negotiating with the federal government for a federal grant to aid it in building a city hall. This federal grant has now been granted in the sum of $818,000. We think that, when the city had a reasonable hope of securing so large a grant, it was justified in waiting for that event." * *"

Under the facts submitted in your request, sixteen years have elapsed since the bonds were authorized. It has always been the contention of the Bond Division of this Department that bonds this old should not be approved because an unreasonable length of time had elapsed since the authority to issue them was granted by the qualified property taxpaying voters of the district at an election held for that purpose. We believe that the authority is lost or becomes inoperative if it is not exercised by the governing body within a reasonable length of time after such election. We also believe that in sixteen years the project which the voters had in mind had been completed with the proceeds from the bonds issued, from a Federal grant, or from some other source, or that the project had been abandoned. We believe that the fact that the Commissioners' Court entered the order canceling the authorization of the bonds after $120,000 had been issued and sold, although said order was void, would be evidence of the fact that the purpose for which the bonds were authorized had been completed, or that the project had been abandoned. We admit that if the qualified voters voted against canceling and revoking the old bonds it would strengthen the proposition that they could be issued at this late date; but if the qualified property taxpaying voters had wanted the bonds issued, or had thought the project had not been completed or abandoned, they could have mandamused the Commissioners' Court at any time during the sixteen years to issue the bonds.

The cases cited above hold that three (3) and five (5) years is not an unreasonable lapse. The City of Houston case finds, as a matter of law, that the lapse of a little more than four years, under the facts and circumstances of that case, is not an unreasonable length of time, but we believe that sixteen (16) years is an unreasonable lapse of time based on the surrounding facts and circumstances set out in your request. Therefore, your second and fourth questions are answered in the negative.

We suggest that if the road district desires to issue new bonds for the purpose of the construction, maintenance and

Honorable T. D. Sansing, page 6

operation of macadamized, graveled or paved roads to be submitted to this department for approval, that an election be called under the proper statutes for the purpose of canceling and revoking the old bonds and to issue new bonds. This can be done in one election so long as you have two separate and distinct propositions.

Trusting that this answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  Claud O. Boothman
    Assistant

COB:EP

APPROVED NOV 3, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION